■ CHOULAMIT RIBACOFF, Appellant, v CITY OF MOUNT VERNON, Defendant, and A & P SUPERMARKET, INC., Also Known as GREATER ATLANTIC AND PACIFIC TEA COMPANY, et al., Respondents. [674 NYS2d 431] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered

April 3, 1997, which granted the motion of the defendants A & P Supermarket, Inc., also known as the Greater Atlantic and Pacific Tea Company, and William S. Pepe individually and doing business as William S. Pepe Co., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On August 19, 1993, the plaintiff tripped and fell on an allegedly defective public sidewalk in Mount Vernon. The defendant A & P Supermarkets, Inc., also known as the Greater Atlantic and Pacific Tea Company (hereinafter the A & P), abuts the subject sidewalk and leases its space from the out-of-possession landlord, the defendant William S. Pepe, individually and doing business as William S. Pepe Co. (hereinafter Pepe). In 1995, the plaintiff commenced this action against the A & P, Pepe, and the City of Mount Vernon, alleging that the defendants were, *inter alia*, negligent in maintaining and repairing the sidewalk, causing the sidewalk to exist in a dangerous condition. The Supreme Court subsequently dismissed the complaint and all cross claims against the municipality, and thus the only parties involved in this appeal are the A & P and Pepe. The lease provided that the A & P was responsible for, *inter alia*, maintaining and repairing the surrounding sidewalk, while Pepe was responsible for making structural repairs.

The Supreme Court properly granted Pepe's motion for summary judgment, since Pepe was not obligated under the lease to repair the sidewalk and there was no evidence that it retained a sufficient degree of control over the premises to provide a basis for liability (*see, Stark v Port Auth.,* 224 AD2d 681; *O'Gorman v Gold Shield Sec. & Investigation,* 221 AD2d 325).

In addition, the plaintiff has not demonstrated proof in evidentiary form that the A & P negligently maintained or repaired the sidewalk or otherwise affirmatively created the alleged defect (*see, Hausser v Giunta,* 88 NY2d 449). Although the plaintiff's expert concluded, after examining photographs of the sidewalk, that it had been improperly repaired, the plaintiff has not demonstrated when the repair was made or that the A & P effected the repair (*see, Palazzo v City of New Rochelle,* 236 AD2d 528). Accordingly, the court properly concluded that the plaintiff's conjecture that the A & P was responsible for the repair was insufficient to defeat the motion for summary judgment (*see, Palazzo v City of New Rochelle, supra; see also, O'Hanlon v Weinbach,* 234 AD2d 436).

Nor is the A & P subject to liability pursuant to Mount Ver-

non Code § 227-56, which only imposes a duty upon the owner or lessee to maintain the sidewalk in good condition, but which does not impose tort liability for any alleged breach of the code provision (*see, Bloch v Potter,* 204 AD2d 672; *Parker v Singer,* 202 AD2d 409). Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.