(March 29, 2004)

■ JAIME ANGULO, Respondent, v CITY OF NEW YORK, Defendant, and JONATHAN B. KAY, Sued Herein as BRYAN J. KAY, Appellant. [773 NYS2d 573]—

In an action to recover damages for personal injuries, etc., the defendant Jonathan Bryan Kay, sued herein as Bryan Jonathan

Kay appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated February 4, 2003, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On July 10, 1998, the plaintiff allegedly sustained injuries when she tripped over a raised sidewalk slab adjacent to a residence owned by the appellant. After the plaintiff commenced this action, the appellant moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion. We reverse.

The law is well-settled that an abutting landowner may be liable to a pedestrian passing by on a public sidewalk if the landowner negligently repaired the sidewalk, thereby creating a dangerous condition (*see Hausser v Giunta,* 88 NY2d 449, 453 [1996]), or "uses it for a special purpose" (*Otero v City of New York,* 213 AD2d 339, 340 [1995]).

Kay established his prima facie entitlement to summary judgment by submitting evidence that he did not repair the subject sidewalk or use it for a special purpose (*see Diaz v Vieni,* 303 AD2d 713 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Leggio v Gearhart,* 294 AD2d 543, 544 [2002]).

Although the plaintiff argues that certain photographs depicted repairs that were made to the sidewalk, she did not establish when the repairs were made or that the appellant made them (*see Ritts v Teslenko,* 276 AD2d 768, 769 [2000]; *Ribacoff v City of Mount Vernon,* 251 AD2d 482, 483 [1998]; *Palazzo v City of New Rochelle,* 236 AD2d 528, 529 [1997]). Thus, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him.

The plaintiff's contention that a prior owner of the property repaired the sidewalk is improperly raised for the first time on appeal (*see Mourounas v Shahin,* 291 AD2d 537 [2002]), and in any event, is without merit. Smith, J.P., Luciano, Adams and Rivera, JJ., concur.