■ BORIS ZEKTSER et al., Respondents, v CITY OF NEW YORK, Defendant, and ELLIOT L. BASS et al., Appellants. [796 NYS2d 656]—

In an action to recover damages for personal injuries, etc., the defendants Elliot L. Bass and Marilyn Bass appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated November 24, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiffs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

Absent the existence of a statute or ordinance imposing liability (*see e.g.* Administrative Code City of NY § 7-210), an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in that public sidewalk unless the landowner either caused the defect to occur because of some special use by the landowner or the landowner created the defect. Here, the infant plaintiff's fall was caused by a defect in the public sidewalk directly adjacent to the area of the sidewalk that was used as part of the driveway of the premises owned by the appellants, Elliot L. Bass and Marilyn Bass, the abutting landowners. The appellants' proof was sufficient to make out their prima facie case that they did not initially create the defective condition nor did they improperly repair the defective condition, or cause the defective condition to occur through their special use of the adjacent portion of that public sidewalk as a driveway. Furthermore, at the time of the incident, no statute or ordinance conferred liability upon them (*see* Administrative Code City of NY § 7-210). In response, the

plaintiffs failed to demonstrate the existence of a triable factual issue of fact. Accordingly, the appellants' motion should have been granted and the complaint dismissed insofar as asserted against them (*see Jeanty v Benin*, 1 AD3d 566 [2003]; *Ivanyushkina v City of New York*, 300 AD2d 544 [2002]; *see also Moscato v City of New York*, 16 AD3d 470 [2005]; *cf. Dos Santos v Peixoto*, 293 AD2d 566 [2002]). Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.