■ YECHESKEL SCHWARTZ et al., Respondents, v CITY OF NEW YORK, Defendant/Third-Party Plaintiff-Respondent, and 307 HEWES STREET REALTY CORP. et al., Defendants/Third-Party Defendants-Appellants. [903 NYS2d 93]—

In an action to recover damages for personal injuries, etc., the defendants/third-party defendants, 307 Hewes Street Realty Corp., Ben Zion Jacobowitz, and Toby Jacobowitz, appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated October 9, 2009, which denied that branch of their motion which was for summary judgment dismissing the amended complaint insofar as asserted against them and, in effect, denied those branches of their motion which were for summary judgment dismissing all cross claims insofar as asserted against them and dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendants/third-party defendants for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them and dismissing the third-party complaint, is granted.

The injured plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries al-

legedly sustained by the injured plaintiff when he slipped and fell on a sidewalk abutting the appellants' property. The appellants moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them, as well as the third-party complaint, on the ground that their property was exempt from liability imposed pursuant to Administrative Code of the City of New York § 7-210 (b) for failure to maintain the sidewalk in a reasonably safe condition. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against them and, in effect, denied those branches of their motion which were for summary judgment dismissing all cross claims insofar as asserted against them and dismissing the third-party complaint. We reverse the order of the Supreme Court and grant the motion.

The appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that the certificate of occupancy for the subject property permitted three families to reside there, and that the property was owner-occupied and used exclusively for residential purposes (see Administrative Code of City of NY § 7-210 [b]). Thus, the appellants established, prima facie, that the property was exempt from liability imposed pursuant to Administrative Code of City of New York § 7-210 (b). In opposition, the plaintiffs and the defendant/third-party plaintiff, City of New York, failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them and dismissing the third-party complaint. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.