■ KEVIN GILMARTIN, Respondent, v CITY OF NEW YORK et al., Defendants, and JOHN O'GRADY et al., Appellants. [915 NYS2d 556]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered April 28, 2010, which, inter alia, denied the O'Grady defendants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendants established that they are the owners of a single-family residential property and are therefore exempt from statutory liability for personal injury caused by the failure to maintain the sidewalk abutting their property in a reasonably safe condition (*see* Administrative Code of City of NY § 7-210 [b]). However, they failed to establish their freedom from common-law liability by showing that they did not affirmatively cause or create the alleged defect in the sidewalk (*see Otero v City of New York*, 213 AD2d 339 [1995]). While defendants denied that they made any repairs to a raised portion of the sidewalk adjacent to a tree bench (which the parties agree is the site of plaintiff's fall), there is photographic evidence in the record that indicates a "patched" area on that portion of the sidewalk. In addition, while defendants claim to have observed that the elevation differential in the sidewalk was caused by the roots of the tree, as opposed to the tree bench, they also testified that the differential increased "slightly" after they installed the tree bench. These conflicting facts and credibility issues preclude summary judgment (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). Concur—Tom, J.P., Mazzarelli, Renwick, Freedman and Manzanet-Daniels, JJ.