NABILA SOUSSI, Appellant, v CHRISTOPHER GOBIN et al., Respondents. [928 NYS2d 80]—

On October 14, 2006, the plaintiff was a tenant in a two-family residence owned by the defendant Christopher Gobin. That morning, the defendant Plaza Contracting Corporation (hereinafter Plaza), a contractor hired by Gobin, was in the process of replacing the sidewalk in front of the premises. Plaza's work had progressed to the point that the existing sidewalk had been removed, the earth beneath the sidewalk had been leveled, a wire mesh grid had been placed on top of the earth, and concrete had been poured for a portion of the new sidewalk. At about 10:30 A.M., the plaintiff left her apartment and, despite

her observations of the work in progress, attempted to walk across the excavated area where the mesh grid was still exposed. The plaintiff alleges that the heel of one of her boots became stuck in the grid, causing her to fall and sustain injuries. After depositions had been conducted, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the defendants' motions for summary judgment, and adhered to its determination on reargument.

In support of his motion for summary judgment, Gobin made a prima facie showing that he was exempt from the statutory liability imposed by section 7-210 (b) of the Administrative Code of the City of New York for the failure to maintain the sidewalk in a reasonably safe condition because his property was an owner-occupied two-family residence (*see Gilmartin v City of New York*, 81 AD3d 411, 412 [2011]; *Schwartz v City of New York*, 74 AD3d 945, 946 [2010]). Gobin also made a prima facie showing that he could not be held liable for the plaintiff's accident under common-law principles by submitting evidentiary proof that the condition which caused the accident was created by an independent contractor hired to replace the sidewalk (*see Kleeman v Rheingold;* 81 NY2d 270, 273 [1993]; *Fernandez v 707, Inc.*, 85 AD3d 539 [2011]; *Posa v Copiague Pub. School Dist.*, 84 AD3d 770 [2011]; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d 845, 846 [2010]). In opposition, the plaintiff failed to raise an issue of fact as to either Gobin's exemption from statutory liability, or the existence of any recognized exception to the independent contractor rule (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d at 847).

Plaza also made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidentiary proof, including the plaintiff's deposition testimony and photographs of the accident site, that established that the temporary condition which caused the accident was open and obvious, and not inherently dangerous (*see Capasso v Village of Goshen*, 84 AD3d 998 [2011]; *McGrath v Oyster Bay Visiting Nurse Assn., Inc.*, 84 AD3d 894 [2011]; *Dinallo v DAL Elec.*, 43 AD3d 981, 982 [2007]; *Fernandez v Edlund*, 31 AD3d 601, 602 [2006]; *Sun Ho Chung v Jeong Sook Joh*, 29 AD3d 677, 678 [2006]; *Orlando v Audax Constr. Corp.*, 14 AD3d 500, 501 [2005]; *Greenstein v Realife Land Improvement, Inc.*, 13 AD3d 338, 339 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit, in which she contradicted her deposition testimony by claiming that the mesh grid appeared to be flush

with the excavated surface, was an attempt to raise a feigned issue of fact as to whether the condition was open and obvious and, thus, insufficient to defeat summary judgment (*see Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d 1307 [2011]; *Capasso v Capasso*, 84 AD3d 997 [2011]; *Russ v Fried*, 73 AD3d 1153, 1154 [2010]; *Sherman-Schiffman v Costco Wholesale, Inc.*, 63 AD3d 1031 [2009]).

Accordingly, the Supreme Court properly granted the separate motions of Gobin and Plaza for summary judgment and, upon reargument, properly adhered to that determination. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.