In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated March 24, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint and denied, as academic, her cross motion for summary judgment on the issue of liability.
Ordered that the order is affirmed, with costs.
On April 13, 2007, the plaintiff allegedly tripped and fell on a sidewalk abutting real property owned by the defendant condominium. The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the subject property was a three-family residence, that it was partially owner-occupied, and that it was used solely for resi *704 dential purposes (see Administrative Code of City of NY § 7-210 [b]), thus exempting it from liability pursuant to Administrative Code of the City of New York § 7-210 (b) for the alleged failure to maintain the sidewalk abutting its property (see Soussi v Gobin, 87 AD3d 580, 581 [2011]; Schwartz v City of New York, 74 AD3d 945, 946 [2010]; cf. Gordy v City of New York, 67 AD3d 523 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to the plaintiffs contention that, because the defendant is a condominium, it is also a corporation, and therefore, cannot invoke the statutory exemption from liability, Administrative Code of the City of New York § 7-210 (b) does not preclude a corporation from invoking the exemption from liability provisions contained therein. Indeed, as Administrative Code of the City of New York § 7-210 is a legislative enactment in derogation of common law, which created liability where none previously existed (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]), it must be strictly construed. Contrary to the plaintiffs further contention, the application of the exemption from liability provisions in Administrative Code of the City of New York § 7-210 (b) to the defendant does not violate the Municipal Home Rule Law (see Municipal Home Rule Law § 10 [1]).
Moreover, the defendant’s motion for summary judgment was not premature. The plaintiff failed to demonstrate that discovery may lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the defendant (see CPLR 3212 [f]; Martinez v Kreychmar, 84 AD3d 1037, 1038 [2011]).
The plaintiffs remaining contention has been rendered academic in light of our determination. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur. [Prior Case History: 30 Misc 3d 1241(A), 2011 NY Slip Op 50421(U).]