■ LEANID STARKOU, Appellant, v CITY OF NEW YORK et al., Respondents. [9 NYS3d 338]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Baynes, J.), dated May 29, 2013, as granted that branch of the motion of the defendants Chung Yuen Ming and Kam Mgur Chung which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of an order of the same court, also dated May 29, 2013, as granted that branch of the motion of the defendants Chi Kwan Chung and Pui Ling Chung which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff allegedly tripped on an uneven sidewalk surface in front of property located at 1076 East 16th Street in Brooklyn, and owned by the defendants Chung Yuen Ming and Kam Mgur Chung (hereinafter together the 1076 defendants), and then slipped and fell as his foot landed on a patch of ice on the sidewalk in front of property located at 1080 East 16th Street, and owned by the defendants Chi Kwan Chung and Pui Ling Chung (hereinafter together the 1080 defendants). Thereafter, the plaintiff commenced this action against the 1076 defendants, the 1080 defendants, and the City of New York.

The 1076 defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they were owner occupants of their two-family residence, which exempted them, pursuant to Administrative Code of the City of New York § 7-210 (b), from liability for injuries caused by the failure to maintain the sidewalk in front of their property in a reasonably safe condition (*see Meyer v City of New*

*York,* 114 AD3d 734, 734-735 [2014]). The plaintiff's contention that the presence of a driveway on the property of the 1076 defendants constitutes a "special use" which removes the exemption provided by Administrative Code of the City of New York § 7-210 (b) was not supported by his own deposition testimony, which established that the plaintiff's fall occurred "in the middle, between the two buildings," and thus was not in the area of the sidewalk which contained the driveway (*see Ivanyushkina v City of New York,* 300 AD2d 544, 544-545 [2002]; *Benenati v City of New York,* 282 AD2d 418, 419 [2001]).

The 1080 defendants also established their prima facie entitlement to judgment as a matter of law. The 1080 defendants demonstrated that, as owner occupants of their two-family residence, they had no statutory duty to clear snow or ice from the public sidewalk abutting their property (*see* Administrative Code §§ 7-210, 16-123), and further demonstrated that they did not exacerbate any dangerous condition on the sidewalk by showing that they had taken no steps to clear ice on the morning that the plaintiff fell (*see David v Chong Sun Lee,* 106 AD3d 1044 [2013]; *Marx v Great Neck Park Dist.,* 92 AD3d 925 [2012]; *Schwint v Bank St. Commons, LLC,* 74 AD3d 1312 [2010]; *Ferguson v Shu Ham Lam,* 74 AD3d 870 [2010]).

In opposition to both motions, the plaintiff failed to raise a triable issue of fact (*see Marx v Great Neck Park Dist.,* 92 AD3d 925 [2012]; *Krichevskaya v City of New York,* 30 AD3d 471 [2006]; *Scher v Kiryas Joel Hous. Dev. Fund Co.,* 17 AD3d 660 [2005]; *Trabolse v Rizzo,* 275 AD2d 320 [2000]).

Accordingly, the Supreme Court properly granted those branches of the separate motions of the 1076 defendants and 1080 defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.