■ Miriam Kronenberg et al., Appellants, v Beki Narayan, Respondent, et al., Defendant. [23 NYS3d 298]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated July 18, 2014, as granted that branch of the motion of the defendant Beki Narayan which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Miriam Kronenberg allegedly tripped and fell on an uneven sidewalk surface in front of property owned by the defendant Beki Narayan. Thereafter, Miriam Kronenberg, and her husband suing derivatively, commenced this action against Narayan and the City of New York. After a note of issue was filed, Narayan moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted that branch of the motion. The plaintiffs appeal.

Narayan established her prima facie entitlement to judgment as a matter of law. She submitted evidence that the subject property was a two-family residence, that it was owner occupied, and that it was used exclusively for residential purposes. This evidence demonstrated that she was exempt, pursuant to Administrative Code of the City of New York § 7-210 (b), from liability for injuries caused by the failure to maintain the public sidewalk in front of the property in a reasonably safe condition (*see Starkou v City of New York*, 128 AD3d 802, 802 [2015]; *Meyer v City of New York*, 114 AD3d 734, 734-735 [2014]). The plaintiffs' contention that the presence of a driveway on the property constitutes a "special use," rendering inapplicable the exemption provided by Administrative Code of the City of New York § 7-210 (b), is without merit. This argument was not supported by the deposition testimony and photographic evidence, which established that the location of the fall was not in the area of the sidewalk which contained the driveway (*see Starkou v City of New York*, 128 AD3d at 803; *Ivanyushkina v City of New York*, 300 AD2d 544, 545 [2002]; *Benenati v City of New York*, 282 AD2d 418, 419 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Starkou v City of New York*, 128 AD3d at 803).

Accordingly, the Supreme Court properly granted that branch of Narayan's motion which was for summary judgment dismissing the complaint insofar as asserted against her. Dillon, J.P., Austin, Roman and Barros, JJ., concur.