■ PEDRO VILLAMAR, Appellant, v ANGEL PACHECO et al., Respondents. [24 NYS3d 152]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered December 29, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On April 29, 2012, the plaintiff allegedly tripped and fell on a sidewalk abutting the defendants' property. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint on the ground that the property was exempt from the liability imposed upon certain landowners pursuant to Administrative Code of the City of New York § 7-210 (b), and further that they did not create the defective condition, did not make negligent repairs, and did not cause the condition to occur through a special use. The Supreme Court granted the motion, and the plaintiff appeals.

The defendants demonstrated that the subject property was a two-family residence, that it was partially owner-occupied, and that it was used solely for residential purposes (*see* Administrative Code of City of NY § 7-210 [b]; *Lai-Hor Ng Yiu v Crevatas*, 103 AD3d 691 [2013]; *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703, 703 [2012]; *Schwartz v City of*

*New York*, 74 AD3d 945 [2010]). Accordingly, the defendants established, prima facie, that the property was exempt from the liability imposed pursuant to Administrative Code of City of New York § 7-210 (b) (*see Lai-Hor Ng Yiu v Crevatas*, 103 AD3d 691 [2013]). The defendants also demonstrated that they did not create the alleged defective condition, did not make negligent repairs, and did not cause the condition to occur through a special use (*see Morelli v Starbucks Corp.*, 107 AD3d 963, 964 [2013]; *Holmes v Town of Oyster Bay*, 82 AD3d 1047, 1048 [2011]; *Grier v 35-63 Realty, Inc.*, 70 AD3d 772, 773 [2010]). Accordingly, the defendants established their prima facie entitlement to judgment as a matter of law.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Lai-Hor Ng Yiu v Crevatas*, 103 AD3d at 691-692). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.