ANNA DeSILVIO, Appellant, v LIN ZHENG, Respondent. [53 NYS3d 699]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated March 9, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on ice on the sidewalk abutting property owned by the defendant in Brooklyn. The plaintiff commenced this action against the defendant, who subsequently moved for summary judgment, contending that he had no duty to maintain the sidewalk abutting his property. The Supreme Court granted the motion. The plaintiff appeals.

"The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (*Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]; *see Bleich v Metropolitan Mgt., LLC*, 132 AD3d 933, 935 [2015]; *Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d 659, 660 [2014]). In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalk conditions from the City to abutting property owners (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 519-520 [2008]). However, this liability-shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code § 7-210 [b]).

"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Here, in view of the plaintiff's pleadings, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that as an owner of a two-family residential property, which he occupied and which was used exclusively for residential purposes, he had no statutory duty to maintain the sidewalk where the accident occurred (*see* Administrative Code § 7-210 [b]; *Villamar v Pacheco*, 135 AD3d 853, 853-854 [2016]; *Kronenberg v Narayan*, 135 AD3d 711, 712 [2016]; *Starkou v City of New York*, 128 AD3d 802 [2015]; *Lai-Hor Ng Yiu v Crevatas*, 103 AD3d 691 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the defendant created the condition by negligently engaging in snow and ice removal work is being asserted for the first time on appeal and is not properly before this Court.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.