■ OLGA BIGUN, Respondent, v ABDUL AHMED, Appellant. [52 NYS3d 896]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 20, 2016, which granted the plaintiff's motion for leave to reargue her opposition to the defendant's motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated January 6, 2016, and upon reargument, in effect, vacated the order dated January 6, 2016, and thereupon, denied the motion for summary judgment.

Ordered that the order dated July 20, 2016, is reversed, on the facts and in the exercise of discretion, with costs, the

plaintiff's motion for leave to reargue is denied, and the order dated January 6, 2016, granting the defendant's motion for summary judgment dismissing the complaint, is reinstated.

The plaintiff allegedly stepped and twisted her left leg on an uneven sidewalk condition abutting the defendant's property. Subsequently, the plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that he had no statutory duty to maintain the sidewalk abutting his property and that he did not create the alleged defect. In an order dated January 6, 2016, the Supreme Court granted the motion, determining that the defendant's property fell within the exception to section 7-210 (b) of the Administrative Code of the City of New York for certain owner-occupied residential properties, and that he did not create the alleged defect.

The plaintiff subsequently sought leave to reargue her opposition to the motion. In the order appealed from, the Supreme Court granted the plaintiff's motion for leave to reargue and, upon reargument, in effect, vacated the order dated January 6, 2016, and thereupon, denied the defendant's motion for summary judgment dismissing the complaint, finding that a triable issue of fact existed as to whether the defendant created the alleged defect. The defendant appeals.

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]; *see Salcedo v Demon Trucking, Inc.*, 146 AD3d 839, 840 [2017]). Here, the Supreme Court improvidently exercised its discretion in granting reargument, as the plaintiff failed to demonstrate that the court overlooked or misapprehended a matter of fact or law in determining the defendant's prior motion for summary judgment dismissing the complaint (*see Rodriguez v Gutierrez*, 138 AD3d 964, 967 [2016]; *Ahmed v Pannone*, 116 AD3d 802, 805 [2014]).

Insofar as is relevant here, liability may be imposed on the abutting landowner when the abutting landowner affirmatively created the dangerous condition or violated a statute or ordinance imposing liability on the abutting landowner for failing to maintain the sidewalk (*see Missirlakis v McCarthy*, 145 AD3d 772, 773 [2016]; *Ippolito v Innamorato*, 136 AD3d 624, 624-625 [2016]; *Crawford v City of New York*, 98 AD3d 935, 936 [2012]; *Romano v Leger*, 72 AD3d 1059 [2010]). Here, the evidence submitted by the defendant in support of his motion for summary judgment, including the deposition testimony of

the parties and photographs of the accident site, established, prima facie, that his property fell within the subject exception to Administrative Code § 7-210, and that he had no statutory duty to maintain the subject sidewalk (*see Kronenberg v Narayan*, 135 AD3d 711, 712 [2016]; *Villamar v Pacheco*, 135 AD3d 853 [2016]; *Starkou v City of New York*, 128 AD3d 802 [2015]; *Lai-Hor Ng Yiu v Crevatas*, 103 AD3d 691 [2013]). The defendant also established, prima facie, that he did not perform any work on the sidewalk prior to the incident, and that he did not create the alleged defect (*see Zektser v City of New York*, 18 AD3d 869, 869-870 [2005]; *Angulo v City of New York*, 5 AD3d 707, 708 [2004]; *Ribacoff v City of Mount Vernon*, 251 AD2d 482, 483 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant created the alleged defect (*see Angulo v City of New York*, 5 AD3d at 708; *Ribacoff v City of Mount Vernon*, 251 AD2d at 483).

Accordingly, the Supreme Court did not overlook or misapprehend any matter of fact or law in granting the defendant's motion for summary judgment in the January 6, 2016, order, and the plaintiff's motion for leave to reargue should have been denied. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.