Wise v Filincieri (2018 NY Slip Op 05074)





Wise v Filincieri


2018 NY Slip Op 05074


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-09512
 (Index No. 7479/15)

[*1]Laura Wise, respondent, 
v
Monika Filincieri, et al., appellants.


Traflet & Fabian, New York, NY (Stephen G. Traflet of counsel), for appellants.
Robert G. Spevack, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered July 10, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On February 17, 2015, at approximately 4:40 p.m., the plaintiff allegedly slipped and fell on an ice condition on a sidewalk abutting the defendants' property in Queens, causing her to sustain personal injuries. The plaintiff commenced this action against the defendants, alleging that they were negligent "in allowing snow, ice and other dangerous conditions to remain on the sidewalk." The defendants moved for summary judgment dismissing the complaint, contending that they were exempt from liability under Administrative Code of the City of New York § 7-210(b) for negligent failure to remove snow and ice from the sidewalk. The Supreme Court denied the motion on the ground that the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The defendants appeal.
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see DeSilvio v Lin Zheng, 150 AD3d 679). Here, in light of the plaintiff's pleadings, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that, as the owners of a one-family residential property, which they occupied and which was used exclusively for residential purposes, they had no statutory duty to maintain the sidewalk where the accident occurred (see Administrative Code of City of NY § 7-210[b]; DeSilvio v Lin Zheng, 150 AD3d at 680).
In opposition, the plaintiff failed to raise a triable issue of fact. While there is record evidence that the defendants may have engaged in snow removal efforts prior to the accident, the defendants cannot be held liable for the removal of snow and ice in an incomplete manner (see Cuapio v Skrodzki, 106 AD3d 769, 770). Since the plaintiff failed to submit evidentiary facts to show that the defendants' snow removal efforts created or exacerbated an existing hazard, the defendants' motion for summary judgment dismissing the complaint should have been granted.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court