Gerendash v City of New York (2018 NY Slip Op 05141)





Gerendash v City of New York


2018 NY Slip Op 05141


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-06273
2017-00680
 (Index No. 21785/12)

[*1]Tamar Gerendash, et al., appellants, 
v
City of New York, et al., defendants, Diane Costello, respondent.


Lester B. Herzog, Brooklyn, NY, for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Theodore Sklar of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from two orders of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated February 19, 2016, and September 16, 2016, respectively. The order dated February 19, 2016, granted the motion of the defendant Diane Costello for summary judgment dismissing the complaint insofar as asserted against her. The order dated September 16, 2016, denied the plaintiffs' motion, denominated as one for leave to reargue and renew, but which was, in actuality, a motion for leave to reargue their opposition to the motion of the defendant Diane Costello.
ORDERED that the appeal from the order dated September 16, 2016, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated February 19, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Diane Costello.
On June 25, 2012, the plaintiff Tamar Gerendash (hereinafter the injured plaintiff) allegedly tripped and fell on an uneven sidewalk abutting real property owned by the defendants Diane Costello and Costello's now deceased mother, Giovanna Barra, whose estate is represented by the defendant Kings County Public Administrator. Following the completion of discovery, Costello moved for summary judgment dismissing the complaint insofar as asserted against her, contending, inter alia, that she was exempt from the liability imposed upon certain landowners pursuant to Administrative Code of the City of New York § 7-210(b). In an order dated February 19, 2016, the Supreme Court granted Costello's motion. In an order dated September 16, 2016, the Supreme Court denied the plaintiffs' motion, denominated as one for leave to reargue and renew their opposition to Costello's motion. The plaintiffs appeal.
Preliminarily, the appeal from the order dated September 16, 2016, must be dismissed. The plaintiffs' motion, although denominated as one for leave to reargue and renew, was, in actuality, a motion for leave to reargue, the denial of which is not appealable (see CPLR 2221[d][2]; [e][2]; Arch Bay Holdings, LLC-Series 2010C v Daisy, 132 AD3d 787, 787; Poulard v Judkins, 102 AD3d 665, 666).
With respect to the order dated February 19, 2016, Costello demonstrated that the property was a single-family residence, that it was owner-occupied, and that it was used solely for residential purposes (see Administrative Code of City of NY § 7-210[b]; Lai-Hor Ng Yiu v Crevatas, 103 AD3d 691, 691-692; Boorstein v 1261 48th St. Condominium, 96 AD3d 703, 703-704; Schwartz v City of New York, 74 AD3d 945, 946). Accordingly, Costello established, prima facie, that she was exempt from the liability imposed pursuant to Administrative Code of the City of New York § 7-210(b), and that she had no statutory duty to maintain the subject sidewalk (see DeBlasi v City of New York, 157 AD3d 656, 657; DeSilvio v Lin Zheng, 150 AD3d 679, 680).
Costello also demonstrated, prima facie, that she could not be held liable for the injured plaintiff's injuries under common-law principles. " Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use'" (Missirlakis v McCarthy, 145 AD3d 772, 773, quoting Meyer v City of New York, 114 AD3d 734, 735; see Crawford v City of New York, 98 AD3d 935, 936). Here, Costello demonstrated, prima facie, that she did not create the defective condition that allegedly caused the injured plaintiff's fall, and there is no contention that the defect was caused by a special use.
In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Lai-Hor Ng Yiu v Crevatas, 103 AD3d at 691-692). The plaintiffs' expert's affidavit assumed facts not supported by evidence and was speculative and conclusory (see Lopez v Retail Prop. Trust, 118 AD3d 676, 676; Ioffe v Hampshire House Apt. Corp., 21 AD3d 930, 931; Paladino v Time Warner Cable, N.Y. City, 16 AD3d 646, 648). Consequently, we agree with the Supreme Court's determination to grant Costello's motion for summary judgment dismissing the complaint insofar as asserted against her.
The plaintiffs' remaining contentions are without merit
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court