Stubenhaus v City of New York (2019 NY Slip Op 02138)





Stubenhaus v City of New York


2019 NY Slip Op 02138


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-02299
 (Index No. 505741/16)

[*1]Abraham Stubenhaus, respondent, 
v
City of New York, defendant, Bernard Schubert, et al., appellants.


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellants.
Seidemann & Mermelstein, Brooklyn, NY (Laurie E. Mermelstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Bernard Schubert and Harriet Schubert appeal from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated January 12, 2018. The order denied the motion of those defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them as premature, with leave to renew after the completion of depositions.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Bernard Schubert and Harriet Schubert for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
On April 18, 2015, the plaintiff allegedly tripped and fell on a defect on a sidewalk abutting a property owned by the defendants Bernard Schubert and Harriet Schubert (hereinafter together the defendants) in Brooklyn. The plaintiff allegedly sustained personal injuries as a result of this incident and subsequently commenced this action against the defendants and the City of New York. The defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that they owed no duty of care to the plaintiff. The Supreme Court denied the motion as premature, with leave to renew after the completion of depositions, and the defendants appeal.
In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalk conditions from the City to abutting property owners (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-520; Staruch v 1328 Broadway Owners, LLC, 111 AD3d 698). However, this liability-shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code § 7-210[b]; see Brown v City of New York, 162 AD3d 733, 734; DeSilvio v Lin Zheng, 150 AD3d 679, 680).
Here, the defendants established their prima facie entitlement to judgment as a matter of law. The defendants demonstrated, prima facie, that they were entitled to the exemption for [*2]owner-occupied residential property set forth in section 7-210(b) of the Administrative Code by showing that their property was a two-family, owner-occupied residence (see DeSilvio v Lin Zheng, 150 AD3d at 680; Ming Hsia v Valle, 147 AD3d 933, 934; Villamar v Pacheco, 135 AD3d 853, 853-854). Thus, the defendants had no statutory duty to maintain the subject sidewalk (see Brown v City of New York, 162 AD3d at 735; DeSilvio v Lin Zheng, 150 AD3d at 680).
The defendants also established, prima facie, that they could not be held liable for the plaintiff's injuries under common-law principles. "Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (Meyer v City of New York, 114 AD3d 734, 735; see Brown v City of New York, 162 AD3d at 735; Missirlakis v McCarthy, 145 AD3d 772, 773; Crawford v City of New York, 98 AD3d 935, 936). The defendants established, prim facie, that they did not create the defective condition that allegedly caused the plaintiff's fall or make a special use of that area of the sidewalk.
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the motion was not premature. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760; see Brown v City of New York, 162 AD3d at 735).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court