Castro v Rodriguez (2019 NY Slip Op 07566)





Castro v Rodriguez


2019 NY Slip Op 07566


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-05438
 (Index No. 520493/16)

[*1]Evaristo Castro, Jr., respondent, 
v
Pedro Rodriguez, appellant, et al., defendant.


Piazza, D'Addario & Frumin, Brooklyn, NY (Ron D'Addario of counsel), for appellant.
Burns & Harris, New York, NY (Jason Bateman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Pedro Rodriguez appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated March 9, 2018. The order, insofar as appealed from, denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him as premature, with leave to renew upon the completion of discovery.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against him is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he tripped and fell on a public sidewalk that was adjacent to certain real property. The complaint alleged that the defendant Pedro Rodriguez (hereinafter the defendant) was the owner of the subject property and that he had a duty to maintain the adjacent sidewalk. The complaint alleged that the defendant breached this duty by failing to maintain the sidewalk in a reasonably safe condition and that this breach was a proximate cause of the plaintiff's injuries.
After joinder of issue, the defendant moved for, among other relief, summary judgment dismissing the complaint insofar as asserted against him. The defendant argued, inter alia, that he could not be held liable for the plaintiff's alleged injuries because he had no duty to maintain the sidewalk where the plaintiff allegedly fell. The plaintiff opposed the defendant's motion, arguing, among other things, that the motion was premature. In an order dated March 9, 2018, the Supreme Court denied the defendant's motion on the ground that it was premature, with leave to renew upon the completion of discovery. The defendant appeals.
In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalk conditions from the City to abutting property owners (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-520; Staruch v 1328 Broadway Owners, LLC, 111 AD3d 698). However, this liability-shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" [*2](Administrative Code § 7-210[b]; see Brown v City of New York, 162 AD3d 733, 734; DeSilvio v Lin Zheng, 150 AD3d 679, 680).
Here, the defendant sustained his initial burden of demonstrating his prima facie entitlement to judgment as a matter of law. The defendant demonstrated, prima facie, that he was entitled to the exemption for owner-occupied residential property set forth in section 7-210(b) of the Administrative Code. The defendant's submissions, which included his own affidavit, a copy of his deed to the subject property and the associated real property transfer report, and the certificate of occupancy, established that his property was a three-family, owner-occupied building that was used solely as a residence (see Stubenhaus v City of New York, 170 AD3d 1064, 1065; DeSilvio v Lin Zheng, 150 AD3d at 680; Villamar v Pacheco, 135 AD3d 853, 853-854). Accordingly, the defendant demonstrated, prima facie, that he had no statutory duty to maintain the subject sidewalk (see Stubenhaus v City of New York, 170 AD3d at 1065; Brown v City of New York, 162 AD3d at 735; DeSilvio v Lin Zheng, 150 AD3d at 680).
The defendant also established that he could not be held liable for the plaintiff's injuries under common-law principles. "Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (Meyer v City of New York, 114 AD3d 734, 735; see Brown v City of New York, 162 AD3d at 735). The defendant's submissions in support of his motion established, prima facie, that he did not create the defective condition that allegedly caused the plaintiff's fall or make a special use of that area of the sidewalk (see Stubenhaus v City of New York, 170 AD3d at 1066; Brown v City of New York, 162 AD3d at 735).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the motion was not premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852; see Skura v Wojtlowski, 165 AD3d 1196, 1200). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760; see Tone v Studin, 148 AD3d 1205, 1206). Here, contrary to the Supreme Court's conclusion, the plaintiff failed to establish that the motion was premature (see Stubenhaus v City of New York, 170 AD3d at 1066; Brown v City of New York, 162 AD3d at 735).
Accordingly, under the circumstances, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court