Rizzo v City of New York (2019 NY Slip Op 08930)





Rizzo v City of New York


2019 NY Slip Op 08930


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


10547 304337/13

[*1] Donna Rizzo, Plaintiff-Respondent,
v
The City of New York, Defendant, Trevor Rhoden, et al., Defendants-Appellants.


Burke, Conway & Dillon, White Plains (Ronese R. Brooks of counsel), for appellants.
Buttafuoco & Associates, PLLC, Woodbury (Scott Szczesny of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about June 8, 2018, which denied the motion of defendants Trevor Rhoden and Valerie T. Rhoden for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants established prima facie entitlement to judgment as matter of law in this action where plaintiff was injured when she tripped and fell on the sidewalk in front of defendants' residence. Defendants submitted evidence showing that they were exempt from the statutory liability imposed by Administrative Code of City of New York § 7—210(b) because their property was an owner-occupied, two-family residence and there was no evidence showing that they made special use of the area (see Hernandez v Ortiz, 165 AD3d 559 [1st Dept 2018]). Defendants also made a prima facie showing that they did not cause or create the alleged defect by submitting their deposition testimony denying that they attempted to repair the area before the accident and the deposition testimony of codefendant City of New York's witness that the applicable records for two years prior to and including the accident date for the property were searched and no permits for sidewalk repairs were found.
In opposition, plaintiff raised a triable issue of fact. The photographic evidence showed that there was a patched area on the portion of the sidewalk where she allegedly fell and there was evidence that the City did not undertake any repairs until after plaintiff's accident (see Gilmartin v City of New York, 81 AD3d 411 [1st Dept 2011]). Defendants' denials that they repaired the sidewalk before the accident presented a credibility
issue that could not be resolved on a motion for summary judgment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK