Davidson v Shubert Org., Inc. (2023 NY Slip Op 05682)

Davidson v Shubert Org., Inc.

2023 NY Slip Op 05682

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 151080/21 Appeal No. 999 Case No. 2023-01115 

[*1]Glenna Davidson et al., Plaintiffs-Appellants,
v
The Shubert Organization, Inc. et al., Defendants-Respondents.

Sullivan Papain Block McGrath Coffinas & Cannavo, P.C., New York (Christopher J. DelliCarpini of counsel), for appellants.
Mulholland, Minion, Davey, McNiff & Beyrer, Williston Park (John L. Marsigliano of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.) entered January 25, 2023, which denied plaintiffs' motion for summary judgment on the issue of liability against defendant 267-269 West 45th Street, unanimously affirmed, without costs.
Plaintiff allegedly tripped and fell on a raised section of a concrete sidewalk outside defendant's building. Plaintiff testified that she fell when her feet came in contact with something, but she did not know what it was. Her husband testified that shortly before plaintiff's accident, he was looking at billboards; he looked down to see what happened only after plaintiff "lurched forward," at which time he saw her foot drag across a lump in the ground. In his affidavit he averred that he saw his wife's left foot strike and catch on the concrete.
Contrary to the motion court's finding, plaintiffs established prima facie entitlement to summary judgment based on the husband's testimony and affidavit, which established that plaintiff tripped on a raised portion of the sidewalk. Nevertheless, in opposition, defendant raised triable issues of fact precluding summary judgment by correctly determining that, as to Administrative Code of the City of New York § 7-210, the experts' affidavits conflicted as to whether defendant created the raised portion of the concrete, whether it was defective, and whether any alleged defect was the proximate cause of plaintiff's fall (see Gilmartin v City of New York, 81 AD3d 411 [1st Dept 2011]).
The court correctly rejected plaintiffs' argument that defendants violated Administrative Code § 19-152(a) and New York City Department of Transportation Highway Rules (34 RCNY) §§ 2-09(f)(1) and (5), which, in relevant part, hold property owners responsible for any tripping hazards that were caused by a vertical grade differential between adjacent sidewalk flags that is greater than or equal to one half inch.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023