■ Shamsun Nahar, Appellant, v Angelo Socci et al., Defendants, and Citigroup, Inc., Respondent. [976 NYS2d 200]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Battaglia, J.), dated May 1, 2012, which, after a jury verdict on the issue of liability finding her 5% at fault, the defendant Citigroup, Inc., 70% at fault, and the defendants Angelo Socci and Loretta Socci 25% at fault in the happening of the accident, granted the motion of the defendant Citigroup, Inc., pursuant to CPLR 4404 (a) to set aside the verdict as to it and for judgment as a matter of law dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On July 13, 2007, the plaintiff allegedly was injured when she tripped and fell on a defect in the public sidewalk in front of premises leased by the defendant Citigroup, Inc. (hereinafter Citigroup), from the owners of the property, the defendants Angelo Socci and Loretta Socci. Thereafter, the plaintiff commenced this action to recover damages for personal injuries and, after settling with the Soccis, proceeded to trial on the issue of liability against Citigroup. The jury returned a verdict finding, inter alia, that Citigroup negligently repaired the sidewalk prior to the accident and that such negligent repair was a substantial factor in causing the accident. The Supreme Court granted Citigroup's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as to it and for judgment as a matter of law dismissing the complaint insofar as asserted against it.

"A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (*Linson v City of New York*, 98 AD3d 1002, 1002-1003 [2012]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Courtney v Port Auth. of N.Y. & N.J.*, 45 AD3d 801, 802 [2007]). When presented with such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Flynn v Elrac, Inc.*, 98 AD3d 938, 939 [2012]).

Here, the case was submitted to the jury on the theory that Citigroup only could be liable if it negligently repaired the abut-

ting sidewalk prior to the accident and its negligent repair was a proximate cause of the accident. Even assuming that Citigroup performed repairs to the sidewalk prior to the accident, based on the evidence presented at the trial, there was no valid line of reasoning and permissible inferences which could possibly have led the jury to rationally conclude that the repairs were performed negligently or were a proximate cause of the accident. The only evidence on these issues came from the testimony of the plaintiff's expert, a board certified safety professional, who opined that the repairs to the sidewalk prior to the accident were improper because the defect in the sidewalk was a "substantial defect" under 34 RCNY 2-09 (f) (4) (viii), requiring that the entire sidewalk flag be replaced, and that had the sidewalk flag been replaced, the accident would not have occurred. However, no evidence was presented that the subject alleged "substantial defect" was in existence at the time that the repairs were undertaken. Therefore, the expert's opinion that Citigroup negligently failed to replace the sidewalk flag prior to the accident was speculative and unsupported by the record. Moreover, the plaintiff proffered no evidence that negligent repair, as opposed to the passage of time, weather, or other factors, caused the alleged defective condition of the sidewalk (see Hyland v City of New York, 32 AD3d 822, 824 [2006]; Reyes v City of New York, 29 AD3d 667 [2006]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court correctly granted Citigroup's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as to it on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against it. Dillon, J.P., Angiolillo, Roman and Sgroi, JJ., concur. **[Prior Case History: 35 Misc 3d 1218(A), 2012 NY Slip Op 50738(U).]**