█ CHAIM WERNER, Respondent, v CITY OF NEW YORK, Respondent, and MAYER BECK, Appellant. [23 NYS3d 324]—

In an action to recover damages for personal injuries, the defendant Mayer Beck appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated May 9, 2014, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Mayer Beck for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

The plaintiff commenced this action against the City of New York and Mayer Beck to recover damages for personal injuries, alleging that he tripped and fell on uneven slabs of a sidewalk abutting Beck's property. Beck moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and the City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied both motions. Beck appeals from so much of the order as denied his motion.

In support of his motion, Beck established his prima facie entitlement to judgment as a matter of law. He demonstrated that he was exempt from liability pursuant to Administrative

Code of the City of New York § 7-210 (b) for his alleged failure to maintain the sidewalk abutting his property by establishing that the subject property was an owner-occupied three-family residence (*see Moreno v Shanker*, 93 AD3d 829, 829-830 [2012]; *Soussi v Gobin*, 87 AD3d 580, 581 [2011]; *Coogan v City of New York*, 73 AD3d 613 [2010]).

Beck further established that he could not be held liable for the plaintiff's alleged injuries under common-law principles. " 'Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use' " (*Shneider v City of New York*, 127 AD3d 956, 957 [2015], quoting *Meyer v City of New York*, 114 AD3d 734, 735 [2014]). Here, Beck established, prima facie, that he did not create the alleged defective condition, and there is no contention in the pleadings that the alleged defect was caused by a special use of the sidewalk.

In opposition, neither the City nor the plaintiff raised a triable issue of fact. Contrary to the City's contention, the computer printouts from the New York State Department of State, Division of Corporations, submitted by the City, allegedly showing that the subject property was the address of certain commercial corporations, two of which were defunct at the time of the accident, failed to raise an issue of fact. Those printouts were not in admissible form, since they were not certified or authenticated, and were not supported by a factual foundation sufficient to demonstrate their admissibility as business records (*see Dyer v 930 Flushing, LLC*, 118 AD3d 742, 742-743 [2014]). Moreover, the plaintiff's testimony that Beck told him that he had unsuccessfully tried to repair the sidewalk at some unspecified time in the past was insufficient to raise a triable issue of fact as to whether Beck contributed to the defect (*see Nahar v Socci*, 112 AD3d 592, 593 [2013]; *Hyland v City of New York*, 32 AD3d 822, 824 [2006]).

Accordingly, the Supreme Court should have granted Beck's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.