Rodriguez v City of New York (2020 NY Slip Op 01376)





Rodriguez v City of New York


2020 NY Slip Op 01376


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-09376
 (Index No. 7235/14)

[*1]Felix Rodriguez, appellant, 
v
City of New York, et al., defendants, Robert Rivera, et al., respondents.


Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 5, 2018. The order, insofar as appealed from, granted that branch of the renewed motion of the defendants Robert Rivera and Alba Rivera which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 9, 2013, the plaintiff allegedly tripped and fell on a defect on a sidewalk abutting certain property owned by the defendants Robert Rivera and Alba Rivera (hereinafter together the defendants) in Brooklyn. The plaintiff allegedly sustained personal injuries as a result of this incident. On May 13, 2014, the plaintiff commenced this action against, among others, the defendants. On or about May 13, 2015, the defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied that motion with leave to renew upon the completion of depositions. Following further discovery and depositions, the defendants made a renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court, inter alia, granted the defendants' renewed motion.
In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalk conditions from the City to abutting property owners (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-520; Castro v Rodriguez, 176 AD3d 1031; Stubenhaus v City of New York, 170 AD3d 1064, 1065). However, this liability-shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210[b]; see Brown v City of New York, 162 AD3d 733, 734; DeSilvio v Lin Zheng, 150 AD3d 679, 680).
Here, the defendants established their prima facie entitlement to judgment as a matter of law. The defendants demonstrated, prima facie, that they were entitled to the exemption for owner-occupied residential property set forth in section 7-210(b) of the Administrative Code of the [*2]City of New York by showing that their property was a one-, two-, or three-family residential property that was partially owner-occupied and used exclusively for residential purposes (see Stubenhaus v City of New York, 170 AD3d at 1065; Villamar v Pacheco, 135 AD3d 853, 854; Mullaney v City of New York, 125 AD3d 948). Thus, the defendants had no statutory duty to maintain the subject sidewalk (see Stubenhaus v City of New York, 170 AD3d at 1065; Brown v City of New York, 162 AD3d at 735).
In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiff's contention, the defendants' renewed motion was not premature. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760; see Stubenhaus v City of New York, 170 AD3d at 1066).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court