Gibbs v Husain (2020 NY Slip Op 03502)





Gibbs v Husain


2020 NY Slip Op 03502


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-02832
 (Index No. 706794/15)

[*1]Althea Gibbs, respondent, 
v
Zaheer Husain, et al., appellants (and a third-party action).


Law Office of Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated January 8, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on snow and ice on a public sidewalk adjacent to a garage owned by the defendants. The defendants served an answer. Following discovery, the defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff fell in the public street and, therefore, they had no duty to remedy the condition that caused her to fall nor did they create the condition by their snow removal efforts. The Supreme Court denied the motion. The defendants appeal.
Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street is placed on the municipality, and not on the owner or lessee of abutting property, unless the landowner or lessee has either affirmatively created the dangerous condition, voluntarily but negligently made repairs, caused the condition to occur through a special use, or violated a statute or ordinance expressly imposing liability on the landowner or lessee for a failure to maintain the abutting street (see Farrell v City of New York, 67 AD3d 859, 860-861). In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalk conditions from the City to abutting property owners (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171; Rodriguez v City of New York, 180 AD3d 1096). However, this liability-shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code§ 7-210[b]; see Rodriguez v City of New York, 180 AD3d 1096). Nonetheless, even "[i]n the absence of a statute or ordinance, an owner . . . of property abutting a public sidewalk may be held liable where it undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (Robles v City of New York, 56 AD3d 647, 647 [internal quotation marks omitted]).
Here, the defendants' submissions failed to eliminate triable issues of fact as to whether the plaintiff fell in the public street as opposed to the defendants' driveway apron or the [*2]sidewalk area adjacent to the defendants' garage. Moreover, although the defendants' submissions established, prima facie, that they had no statutory duty to maintain the subject sidewalk (see Rodriguez v City of New York, 180 AD3d 1096), they failed to establish as a matter of law that the defendants' snow removal efforts did not create or exacerbate the icy condition which allegedly caused the plaintiff to fall or that they did not make a special use of that area of the sidewalk (see Stubenhaus v City of New York, 170 AD3d 1064, 1066; Balsam v Delma Eng'g Corp., 139 AD2d 292, 298).
In light of the defendants' failure to establish their prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853)
MASTRO, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court