Osipova v London (2020 NY Slip Op 05053)





Osipova v London


2020 NY Slip Op 05053


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2018-04276
 (Index No. 23494/09)

[*1]Tamara Osipova, respondent,
v
Judah London, etc., et al., defendants, Ely Brudny, et al., appellants.


Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York, NY (Timothy S. Carr of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Ely Brudny and Peshy Brudny appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated February 9, 2018. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Ely Brudny and Peshy Brudny for summary judgement dismissing the complaint and all cross claims insofar as asserted against them is granted.
The plaintiff commenced this action against, among others, Ely Brudny and Peshy Brudny (hereinafter together the defendants) to recover damages for personal injuries, alleging that the plaintiff tripped and fell due to the defective, dangerous, and hazardous condition of the public sidewalk abutting the defendants' property. The defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion. The defendants appeal.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner, except for sidewalks abutting one-, two-, or three-family residential properties that are owner occupied and used exclusively for residential purposes" (Zorin v City of New York, 137 AD3d 1116, 1118; see Administrative Code of City of NY § 7-210[b]). Here, the defendants established, prima facie, that the subject property abutting the public sidewalk was a two-family, owner-occupied residence, and thus, that they are entitled to the exemption from liability for owner-occupied residential property (see Castro v Rodriguez, 176 AD3d 1031, 1032; Werner v City of New York, 135 AD3d 740, 740-741).
The defendants also established that they could not be held liable for the plaintiff's alleged injuries under common-law principles. "Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (Meyer v City of New York, 114 AD3d 734, 735). The defendants established, prima facie, that they did not create the defective condition that allegedly caused the plaintiff's fall or make a special [*2]use of that area of the sidewalk (see Brown v City of New York, 162 AD3d 733, 735; Soussi v Gobin, 87 AD3d 580, 581).
In opposition, the plaintiff failed to raise a triable issue of fact. Further, the plaintiff failed to demonstrate that the facts essential to justify opposition to the motion were exclusively within the knowledge or control of the defendants (see CPLR 3212[f]; Boorstein v 1261 48th St. Condominium, 96 AD3d 703, 704).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court