Zak v City of New York (2021 NY Slip Op 01287)





Zak v City of New York


2021 NY Slip Op 01287


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-06775
 (Index No. 521719/17)

[*1]Albert Zak, plaintiff, 
v
City of New York, defendant, Larry I. Sillen, appellant.


James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Larry I. Sillen appeals from an order of the Supreme Court, Nassau County (Reginald A. Boddie, J.), dated March 22, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the motion of the defendant Larry I. Sillen for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
The plaintiff allegedly tripped and fell on a sidewalk defect abutting premises owned by the defendant Larry I. Sillen (hereinafter the appellant) in Brooklyn. The plaintiff commenced this action to recover damages for personal injuries against the appellant and the defendant City of New York. After joinder of issue, the appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, contending, among other things, that he was exempt from liability as an owner of a single-family residential real property, which was entirely occupied by him, and used exclusively for residential purposes. The Supreme Court denied the motion, which went unopposed by the City and the plaintiff.
In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalks from the City to abutting property owners (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-520). This liability shifting provision does not, however, apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210[b]). "The purpose of the exception in the Code is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (Coogan v City of New York, 73 AD3d 613, 614; see Howard v City of New York, 95 AD3d 1276, 1277).
Here, the appellant established, prima facie, that he was exempt from liability pursuant to the subject Code exception, and no triable issue of fact was raised in opposition. The appellant's partial use of a room in his single-family home as an office to edit some photos in relation to his infrequent paid photography ventures was merely incidental to his residential use of the property (see Koronkevich v Dembitzer, 147 AD3d 916, 917; Coogan v City of New York, 73 [*2]AD3d at 614). The appellant was a retired photographer, and on occasion he would edit photos on his home computer in relation to two or three paid party photography jobs he did per year. The appellant did not claim a "home office" tax deduction, nor did he use this space in his home to edit these photos with any regularity.
Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court