Martin v Newton (2022 NY Slip Op 03508)





Martin v Newton


2022 NY Slip Op 03508


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.


2020-06233
 (Index No. 715373/19)

[*1]Angela Martin, appellant, 
v
Herbert Newton, et al., respondents, et al., defendants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac and Greg Freedman of counsel), for appellant.
Robert A. Peirce, White Plains, NY (Alessandra L. Cortina, Richard Salvato, and Jennifer Lanni of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 5, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Herbert Newton and Debbie Newton which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly tripped and fell on a defect in a sidewalk abutting two properties. The plaintiff commenced this action against the defendants Herbert Newton and Debbie Newton (hereinafter together the Newton defendants), who owned one of the abutting properties, the defendant Jenny Torres, who allegedly owned the other abutting property, and the City of New York. The Newton defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. They asserted, inter alia, that they had no duty pursuant to the Administrative Code of the City of New York § 7-210(b) to maintain the sidewalk abutting their property, because their property was an owner-occupied two-family dwelling used exclusively for residential purposes. The Supreme Court granted the motion. The plaintiff appeals.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner, except for sidewalks abutting one-, two-, or three-family residential properties that are owner occupied and used exclusively for residential purposes" (Zorin v City of New York, 137 AD3d 1116, 1118; see Administrative Code § 7-210[b]; Castro v Rodriguez, 176 AD3d 1031, 1032). Contrary to the plaintiff's contention, the Newton defendants' affidavits established, prima facie, that their property abutting the sidewalk was a two-family, owner-occupied residence, and thus, they are entitled to exemption from liability under section 7-210(b) of the Administrative Code (see Castro v Rodriguez, 176 AD3d at 1031-1032; Brown v City of New York, 162 AD3d 731, 733).
The Newton defendants also established, prima facie, that they could not be held liable for the plaintiff's injuries under common-law principles (see Osipova v London, 186 AD3d 1528, 1529). The Newton defendants established, prima facie, that they did not create the defective condition that allegedly caused the plaintiff's fall or make a special use of that area of the sidewalk (see Branach v Belvedere VIII, LLC, 189 AD3d 1532, 1533; Missirlakis v McCarthy, 145 AD3d 772, 773).
In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiff's contention, the Newton defendants' motion was not premature (see Branach v Belvedere VIII, LLC, 189 AD3d at 1533; Rodriguez v City of New York, 180 AD3d 1096, 1097; Castro v Rodriguez, 176 AD3d at 1032-1033; Brown v City of New York, 162 AD3d at 733). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518 [internal quotation marks omitted]; see Branach v Belvedere VIII, LLC, 189 AD3d at 1533).
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court