McCalla v Piris-Fraser (2023 NY Slip Op 05722)

McCalla v Piris-Fraser

2023 NY Slip Op 05722

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2022-00853
 (Index No. 500394/19)

[*1]Patricia McCalla, respondent, 
v
Cynthia Piris-Fraser, appellant (and a third-party action).

Karen Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (Ann Jen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated November 19, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in November 2016 when she tripped and fell on a sidewalk abutting premises owned by the defendant in Brooklyn. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner (see Zak v City of New York, 192 AD3d 734, 735; Osipova v London, 186 AD3d 1528, 1529). "However, this liability-shifting provision does not apply to 'one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes'" (Castro v Rodriguez, 176 AD3d 1031, 1032, quoting Administrative Code § 7-210[b]; see Martin v Newton, 206 AD3d 644, 645; Rodriguez v City of New York, 180 AD3d 1096, 1097). "'Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use'" (Osipova v London, 186 AD3d at 1529, quoting Meyer v City of New York, 114 AD3d 734, 735).
Here, the defendant established, prima facie, that the premises abutting the public sidewalk was a two-family, owner-occupied residence, and thus, that she is entitled to the exemption from liability for owner-occupied residential property. Contrary to the Supreme Court's determination, the defendant's partial use of the basement as an office space was merely incidental to her residential use of the property (see Zak v City of New York, 192 AD3d at 735; Koronkevich v Dembitzer, 147 AD3d 916, 917; Coogan v City of New York, 73 AD3d 613, 614). While the defendant testified at her deposition that she was a doctor and used a portion of the basement [*2]apartment as a study or home office and that it held office equipment, no evidence indicated that she used the space with regularity or that she claimed the premises as her business address or as a tax deduction.
The defendant also established, prima facie, that she could not be held liable for the plaintiff's injuries under common-law principles (see Martin v Newton, 206 AD3d at 645; Osipova v London, 186 AD3d at 1529). The defendant demonstrated, prima facie, that she did not create the defective condition that allegedly caused the plaintiff's fall, have actual or constructive notice of the defect before the plaintiff's fall, or make a special use of that area of the sidewalk (see Martin v Newton, 206 AD3d at 644-645; Osipova v London, 186 AD3d at 1529).
In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). Further, the plaintiff failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the defendant's knowledge or control, so the defendant's motion was not premature (see Martin v Newton, 206 AD3d at 645; Rodriguez v City of New York, 180 AD3d at 1097; Cajas-Romero v Ward, 106 AD3d 850, 852). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Martin v Newton, 206 AD3d at 645 [internal quotation marks omitted]).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court