Spinelli v Huang (2024 NY Slip Op 01740)

Spinelli v Huang

2024 NY Slip Op 01740

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2023-02163
 (Index No. 720224/20)

[*1]Joseph S. Spinelli, respondent, 
v
Crystal S. Huang, et al., appellants, Master Works Contractor, Inc., et al., defendants.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellants.
Mallilo & Grossman, Flushing, NY (Scott Kutcher of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Crystal S. Huang and Sheng C. Huang appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 9, 2023. The order denied those defendants' motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he fell after stepping on a rock and pebbles on a sidewalk abutting premises owned by the defendants Crystal S. Huang and Sheng C. Huang (hereinafter together the defendants). At the time of the accident, the defendants' property was classified as a one-family residential property but was undergoing renovations to convert it into a two-family residential property, and no one was residing there. The plaintiff commenced this action against the defendants, among others, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them, contending, inter alia, that they were exempt from liability pursuant to Administrative Code of the City of New York § 7-210(b). In an order entered February 9, 2023, the Supreme Court denied the motion. The defendants appeal.
Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner (see Zak v City of New York, 192 AD3d 734, 735; Ospida v London, 186 AD3d 1528, 1529). "Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain city sidewalks abutting their land in a reasonably safe condition" (Vasquez v Giandon Realty, LLC, 189 AD3d 1120, 1120 [internal quotation marks omitted]). "However, this liability-shifting provision does not apply to 'one-, two- or three-family residential property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes'" (Castro v Rodriguez, 176 AD3d 1031, 1032, quoting Administrative Code § 7-210[b]; see Martin v Newton, 206 AD3d 644, 645).
Here, in support of their motion for summary judgment, the defendants submitted affidavits in which each attested, inter alia, that Crystal Huang resided at the property with her husband and children, that they moved out to accommodate the renovations, and that they intended to move back into the property upon completion of the renovations. The defendants' affidavits [*2]established, prima facie, that their property was a one-family, owner-occupied residence when the accident took place, and thus they are entitled to the exemption from liability under section 7-210(b) of the Administrative Code (see Martin v Newton, 206 AD3d at 645; Castro v Rodriguez, 176 AD3d at 1032; Moreno v Shanker, 93 AD3d 829, 830). In opposition, however, the plaintiff raised triable issues of fact as to whether the property was owner occupied and thus whether the defendants were exempt from liability under section 7-210(b) of the Administrative Code, by submitting documentary evidence demonstrating that Crystal S. Huang and her husband owned another two-family residential property in Queens, where they may have been residing at the time of the accident.
Contrary to the defendants' contention on appeal, they failed to establish, prima facie, their entitlement to judgment as a matter of law even if the exemption from liability under section 7-210(b) of the Administrative Code does not apply. "In support of a motion for summary judgment dismissing a cause of action pursuant to section 7-210 of the Administrative Code, the landowner has the initial burden of demonstrating, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Nisimova v City of New York, 145 AD3d 1023, 1024; see Vasquez v Giandon Realty, LLC, 189 AD3d at 1120). The defendants' submissions failed to demonstrate, prima facie, that they did not have constructive notice of the existence of the alleged dangerous condition for a sufficient amount of time to discover and remedy it (see Gambino v 475 Park Ave. S., LLC, 197 AD3d 621, 623; Muhammad v St. Rose of Limas R.C. Church, 163 AD3d 693, 694).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them.
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court