Giuntini v City of New York (2024 NY Slip Op 01797)

Giuntini v City of New York

2024 NY Slip Op 01797

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-07904
 (Index No. 712640/19)

[*1]Susan Giuntini, et al., plaintiffs-respondents,
v
City of New York, defendant-respondent, Trejo Amadeo, appellant.

McCauley Law Firm, PLLC, White Plains, NY (Todd M. McCauley of counsel), for appellant.
Sahn Ward Braff Koblenz, PLLC, Uniondale, NY (Robert A. Abiuso and Ralph Branciforte of counsel), for plaintiffs-respondents.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Mackenzie Fillow and Amanda Abata of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Trejo Amadeo appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered September 9, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Trejo Amadeo for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him is granted.
In September 2018, the plaintiff Susan Giuntini (hereinafter the injured plaintiff) allegedly sustained personal injuries when she tripped and fell on an uneven condition on a sidewalk abutting property owned by the defendant Trejo Amadeo in Queens. The injured plaintiff, and her husband suing derivatively, commenced this action against Amadeo and the defendant City of New York. Amadeo moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. By order entered September 9, 2022, the Supreme Court denied Amadeo's motion. Amadeo appeals.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Petrillo v Town of Hempstead, 85 AD3d 996, 997). "In 2003, the New York City Council enacted section 7-210 of the Administrative Code [*2]of the City of New York to shift tort liability for injuries resulting from defective sidewalks from the City to abutting property owners" (Zak v City of New York, 192 AD3d 734, 735). "Administrative Code § 7-210 directs landowners to maintain their abutting sidewalks in a reasonably safe condition" (Brachfield v Sternlicht, 202 AD3d 742, 743 [internal quotation marks omitted]). The City Council enacted the provision "as a cost-saving measure, reasoning that it was appropriate to place liability with the party whose legal obligation it is to maintain and repair sidewalks that abut them—the property owners" (Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [internal quotation marks omitted]). "This liability shifting provision does not, however, apply to 'one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes'" (Zak v City of New York, 192 AD3d at 735, quoting Administrative Code of City of NY § 7-210[b]). "The purpose of the exception in the Code is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (Zak v City of New York, 192 AD3d at 735 [internal quotation marks omitted]).
Here, Amadeo demonstrated that his property, which abutted the sidewalk where the injured plaintiff fell, was an owner-occupied, residential property used exclusively for residential purposes and, thus, fell within the exception set forth in Administrative Code § 7-210(b) (see Zak v City of New York, 192 AD3d at 735; Li-Hor Ng Yiu v Crevatas, 103 AD3d 691, 691; cf. Brachfield v Sternlicht, 202 AD3d at 743). Amadeo also established that he could not be held liable under common-law principles, since he did not create the uneven condition on the sidewalk or cause such condition through a special use of the sidewalk (see Daniel v Khadu, 190 AD3d 817, 819; Cosme v City of New York, 169 AD3d 762, 763). Amadeo therefore demonstrated his prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against him (see Martin v Newton, 206 AD3d 644, 645; Cosme v City of New York, 169 AD3d at 763).
In opposition, neither the plaintiffs nor the City raised a triable issue of fact (see Martin v Newton, 206 AD3d at 645; Koronkevich v Dembitzer, 147 AD3d 916, 917; Werner v City of New York, 135 AD3d 740, 741). Contrary to the plaintiffs' contention, Amadeo's deposition testimony did not raise a triable issue of fact as to whether Amadeo created the uneven condition on the sidewalk. Furthermore, even assuming, without deciding, that Amadeo's alleged renting of space within his property to others would render the exception to Administrative Code § 7-210(b) inapplicable (cf. Van Amerogen v Donnini, 78 NY2d 880, 883), the plaintiffs' contention, which the City adopted, that Amadeo did so was based on speculation and conjecture (see Bradley v US Brownsville III Hous. Dev. Fund Corp., 213 AD3d 902, 904; Zorin v City of New York, 137 AD3d 1116, 1118; Crawford v City of New York, 98 AD3d 935, 937). Moreover, the City's assertion that a triable issue of fact exists as to the number of family units within Amadeo's property is improperly raised for the first time on appeal (see Kreutzberg v Law Offs. of John Riconda, P.C., 210 AD3d 884, 885; Stoloyvitskaya v Dennis Boardwalk, LLC, 101 AD3d 1106, 1108).
Accordingly, the Supreme Court should have granted Amadeo's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court