Scott v 797 Quincy St, LLC (2025 NY Slip Op 02362)

Scott v 797 Quincy St, LLC

2025 NY Slip Op 02362

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-09689
 (Index No. 518263/20)

[*1]Calvin Scott, plaintiff-respondent,
v
797 Quincy St, LLC, et al., defendants-respondents, Catherine Quesada, defendant-appellant.

John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for defendant-appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack, Lorenzo Di Silvio, and Pauline Esman of counsel), for defendant-respondent City of New York.
The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins of counsel), for defendant-respondent 797 Quincy St, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Catherine Quesada appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated July 26, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
ORDERED that the order is affirmed, with one bill of costs payable to the defendants-respondents.
The plaintiff commenced this action in 2020 against, among others, the defendant Catherine Quesada, the owner of 799 Quincy Street, to recover damages for personal injuries he allegedly sustained when he tripped and fell on an uneven condition on a sidewalk abutting property located at 797 and 799 Quincy Street in Brooklyn (hereinafter the premises). Quesada moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her. The plaintiff, the defendant City of New York, and the defendant 797 Quincy St, LLC, separately opposed the motion. By order dated July 26, 2023, the Supreme Court denied Quesada's motion. Quesada appeals.
"'Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner'" (Giuntini v City of New York, 226 AD3d 651, 652, quoting Hausser v Giunta, 88 NY2d 449, 452-453). "'An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty'" (id., quoting Petrillo v Town of Hempstead, 85 AD3d 996, 997). [*2]"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner" (McCalla v Piris-Fraser, 221 AD3d 800, 801; see Giuntini v City of New York, 226 AD3d at 652). "However, this liability-shifting provision does not apply to 'one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes'" (McCalla v Piris-Fraser, 221 AD3d at 801 [internal quotation marks omitted], quoting Administrative Code § 7-210[b]; see Giuntini v City of New York, 226 AD3d at 653; Martin v Newton, 206 AD3d 644, 645).
Here, Quesada failed to meet her prima facie burden of establishing that the premises, which abutted the sidewalk where the plaintiff fell, was a one-, two-, or three-family building that was owner occupied and used exclusively for residential purposes (see Administrative Code § 7-210; Aracena v City of New York, 136 AD3d 717, 718). The evidence submitted by Quesada in support of her motion demonstrated the existence of triable issues of fact as to whether the premises was a one-, two-, or three-family building subject to the liability exemption of Administrative Code § 7-210 (see id. § 7-210[b]). Since Quesada failed to demonstrate her prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against her, the Supreme Court correctly denied her motion without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court