Ramharakh v Nembhard (2025 NY Slip Op 04923)

Ramharakh v Nembhard

2025 NY Slip Op 04923

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-09372 
2023-09373
 (Index No. 713197/17)

[*1]Gurdatt Ramharakh, appellant, 
v
Carol Nembhard, et al., respondents.

Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent Carol Nembhard.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Karin Wolfe of counsel), for respondent City of New York.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), both entered June 28, 2023. The first order, insofar as appealed from, granted that branch of the motion of the defendant Carol Nembhard which was for summary judgment dismissing the complaint insofar as asserted against her. The second order granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action against the defendants, Carol Nembhard and City of New York, to recover damages for personal injuries he allegedly sustained when he fell over a piece of concrete while walking in Queens. Following the completion of discovery, Nembhard moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her, and the City moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered June 28, 2023, the Supreme Court, among other things, granted that branch of Nembhard's motion. In a second order, also entered June 28, 2023, the court granted the City's motion. The plaintiff appeals from both orders.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Giuntini v City of New York, 226 AD3d 651, 652 [internal quotation marks omitted]). However, section 7-210 of the Administrative Code of the City of New [*2]York shifts "tort liability for injuries resulting from defective sidewalks from the City to abutting property owners" (Giuntini v City of New York, 226 AD3d at 652 [internal quotation marks omitted]). Specifically, Administrative Code § 7-210 creates a duty on the part of "landowners to maintain their abutting sidewalks in a reasonably safe condition" (Giuntini v City of New York, 226 AD3d at 652 [internal quotation marks omitted]). Nonetheless, this liability shifting provision "does not[ ] . . . apply to one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (id. at 653 [internal quotation marks omitted]; see Zak v City of New York, 192 AD3d 734, 735).
Here, Nembhard demonstrated, prima facie, that her property fell within the exception set forth in Administrative Code § 7-210(b) for owner-occupied residential properties (see Byrams v Hamilton, 234 AD3d 917, 918). Additionally, Nembhard demonstrated, prima facie, that she did not affirmatively create, voluntarily but negligently repair, or create through a special use of the sidewalk, the concrete defect that caused the plaintiff to fall (see id. at 918-919). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court did not err in granting that branch of Nembhard's motion which was for summary judgment dismissing the complaint insofar as asserted against her (see Cosme v City of New York, 169 AD3d 762, 763).
Furthermore, the City established its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating, prima facie, that the accident occurred on a sidewalk that abutted a vacant lot owned by nonparties to this action. Therefore, pursuant to Administrative Code § 7-210(c), the City was not liable for failing to maintain the part of the sidewalk where the plaintiff's accident occurred (see Zorin v City of New York, 137 AD3d 1116, 1118; Rodriguez v City of New York, 70 AD3d 450, 450). Moreover, the City established, prima facie, that it did not create the concrete defect or cause the condition to occur via a special use. In opposition, the plaintiff failed to raise a triable issue of fact (see Gomez v New York City, 175 AD3d 1502, 1503).
Accordingly, the Supreme Court properly granted that branch of Nembhard's motion which was for summary judgment dismissing the complaint insofar as asserted against her and the City's motion for summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court